H. David Starkey Chief Legal Counsel Kansas Department of Agriculture Mills Building, 109 SW 9th Street, 4th
Floor Topeka, Kansas 66612
Dear Mr. Starkey:
As Chief Legal Counsel for the Department of Agriculture, you request our opinion as to whether the Chief Engineer may promulgate rules and regulations for intensive groundwater use control area (IGUCA) proceedings.
In your request, you state that K.S.A. 82a-1036 through K.S.A.82a-1039 establish the procedure by which the Chief Engineer may designate an IGUCA. You explain that no where in these statutes is there specific statutory authority authorizing the chief engineer to issue regulations governing the IGUCA process. Therefore, you inquire as to whether the Chief Engineer has the authority under the Kansas Water Appropriation Act[1] to promulgate the necessary rules and regulations for IGUCA proceedings.
K.S.A. 82a-706a of the Kansas Water Appropriation Act, provides as follows:
 "The chief engineer shall adopt, amend, promulgate, and enforce such reasonable rules, regulations, and standards necessary for the discharge of his or her duties and for the achievement of the purposes of this act pertaining to the control, conservation, regulation, allotment, and distribution of the water resources of the state."[2]
Reference to "this act" in K.S.A. 82a-706a means the Kansas Water Appropriation Act[3] (Act). The entire Act is found in K.S.A. 82a-701
through K.S.A. 82a-726. The statutes pertaining to IGUCAs[4] are separate and distinct from the Act.[5] Therefore, in order for the Chief Engineer to have authority to adopt regulations for IGUCA proceedings, we must determine whether the duties of the Chief Engineer include IGUCAs. If so, then K.S.A. 82a-706a bestows upon the Chief Engineer the necessary authority to promulgate rules and regulations relating to IGUCAs.
To determine whether the Chief Engineer is discharging his or her duties relative to IGUCAs, we review the IGUCA statutes.[6] K.S.A.82a-1036 and K.S.A. 2006 Supp. 82a-1038 require the Chief Engineer to initiate proceedings for designation of certain areas as intensive groundwater use control areas if certain conditions exist. The Chief Engineer must determine whether any of the following conditions exist: (1) groundwater levels in the area in question are declining or have declined excessively; (2) the rate of withdrawal of groundwater within the area equals or exceeds the rate of recharge in such area; (3) preventable waste of water is occurring or may occur within the area in question; (4) unreasonable deterioration of the quality of water is occurring or may occur within the area in question; or (5) other conditions exist within the area in question which require regulation in the public interest.[7] The Chief Engineer is also required to hold public hearings to determine whether designation of a particular area as an IGUCA is warranted.[8]
Upon review of the above list of duties for which the Chief Engineer is responsible, it is clear that the Chief Engineer is discharging his or her duties when initiating and conducting proceedings pursuant to the IGUCA statutes. As we have indicated previously, under the Water Appropriation Act, the Chief Engineer is not only authorized to adopt regulations in order to discharge his or her duties but he or she is also required, pursuant to K.S.A. 82a-706, to "administer the laws of this state pertaining to the beneficial use of water."[9] Initiating proceedings to designate certain areas as intensive groundwater use control areas definitely pertains to the "beneficial use of water."[10]
In addition, K.S.A. 82a-1039 which is part of the IGUCA statutes clearly states that "nothing in this act (i.e. the IGUCA statutes) shall be construed as limiting . . . any duty or power of the chief engineer granted pursuant to the Kansas water appropriation act." As previously stated, under the Water Appropriation Act, it is the Chief Engineer's duty to administer laws pertaining to the beneficial use of water. This duty includes determining whether an area should be designated as an IGUCA. Accordingly, we conclude that the Chief Engineer may adopt rules and regulations pursuant to the authority provided in K.S.A. 82a-706a in order to implement the statutes relating to IGUCA proceedings.
Sincerely,
 Paul J. Morrison Attorney General
 Rebecca E. Rand Assistant Attorney General
PJM:MF:RER:jm
[1] K.S.A. 82a-201 et seq.
[2] Emphasis added.
[3] K.S.A. 82a-730.
[4] K.S.A. 82a-1036 through K.S.A. 82a-1040.
[5] IGUCA statutes are part of the groundwater management district statutes. K.S.A. 82a-1036 through 82a-1040.
[6] K.S.A. 82a-1036 through K.S.A. 82a-1040.
[7] K.S.A. 82a-1036.
[8] K.S.A. 82a-1037.
[9] Emphasis added.
[10] K.S.A. 82a-1036; K.S.A. 2006 Supp. 82a-1038.